**EXHIBIT 2**



# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

KATHERINE MORLEY LIEBERMAN, )
an individual, )
)
Plaintiff, )
) Case No. **2013-01980**
v. )
) ATTORNEY LIEN CLAIMED
NATIONAL CASUALTY COMPANY, a )
Foreign For Profit Corporation, )     **F I L E D**
)
)     APR 19 2013
Defendant. )
    SALLY HOWE SMITH, COURT CLERK
    STATE OF OKLA. TULSA COUNTY

### PETITION     DANA LYNN KUEHN

COMES NOW the Plaintiff, Katherine Morley Lieberman, and for her cause of action against the Defendant, National Casualty Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a resident of Tulsa County, Oklahoma.

2. The Defendant, National Casualty Company, is a Foreign For Profit Corporation doing business in Oklahoma with substantial ties to Tulsa County.

3. The injuries suffered by Plaintiff occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### STATEMENT OF FACTS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around June 17, 2011, Katherine Morley Lieberman was on the premises of the Tulsa Zoo for the 2011 Waltz on the Wild Side event.

1

7. The Tulsa Zoo is managed and operated by Tulsa Zoo Management, Inc., a for-profit corporation.

8. On or around June 17, 2011, Tulsa Zoo Management, Inc. was insured under a contract with Defendant National Casualty Company where Defendant was to provide insurance coverage for persons at the Tulsa Zoo in accordance with policy number KKO00000001518300 ("policy"), including a medical payment provision in the amount of $5,000.00.

9. On or around June 17, 2011 Plaintiff sustained injuries while at the Tulsa Zoo "Waltz on the Wild Side," breaking her left ankle.

10. Defendant was put on notice of Plaintiff's injuries as of June 17, 2011.

11. Plaintiff underwent surgery for these injuries and sustained over $30,000 in medical bills before her treatment ended.

12. Despite knowing that Plaintiff sustained a bodily injury on the Tulsa Zoo premises and incurred reasonable expenses related to her medical treatment, Defendant wholly failed to disclose the existence of the policy until Plaintiff instigated suit against the Tulsa Zoo Management, Inc.

13. On or around December 11, 2011 Plaintiff provided agents and/or representatives of Defendant National Casualty Company with a complete copy of all medical records and medical bills arising out of her above referenced injury at the Tulsa Zoo.

14. Defendant National Casualty Company has failed to tender any medical payment benefits to Plaintiff, despite its legal and contractual duty to do so.

15. Plaintiff, as a third party beneficiary of the above referenced insurance policy, relied on Defendant National Casualty Company to disclose, evaluate and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy.

2

16. Plaintiff has met all of the conditions precedent for payment of claims under the above referenced insurance policy.

17. Defendant has unreasonably failed and refused to pay the benefits under the insurance policy.

18. Plaintiff has suffered damages because of Defendant's actions.

## CAUSE OF ACTION

19. Paragraphs 1-18 are incorporated herein by reference.

20. In its handling of Plaintiff's claim for benefits under the above referenced insurance policy, and as a matter of routine practice in handling similar claims, Defendant National Casualty Company breached its contract and duty to deal fairly and in good faith with the Plaintiff and others in the following respects:

   a. Failing to disclose the existence of the medical payments coverage under the policy when Defendant knew that Plaintiff was entitled to those benefits;

   b. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   c. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   d. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   e. Unreasonably denying payment of benefits when there is no dispute as to Plaintiff's medical bills incurred from her injury covered under the policy

   f. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without reasonable basis;

3

g. Refusing to pay Plaintiff's claim for reasons contrary to the public policy of this state and contrary to the express provisions of the law;

h. Intentionally and recklessly misapplying the provisions of the policy;

i. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

j. Failing to properly investigate the Plaintiff's claim for benefits;

k. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

l. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff;

m. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim;

n. Refusing to communicate and provide information regarding the insurance claims reported to Defendant; and

o. Forcing Plaintiff to file this lawsuit to recover the medical payment benefits she is due under the policy.

21. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship, all of which are in excess of Seventy-Five Thousand Dollars ($75,000.00).

22. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable and necessary attorney fee as well as the costs expended in pursuit of this litigation.

23. Defendant acted in reckless disregard of the rights and coverage afforded to Plaintiff, and all other persons insured under said policy, contrary to Oklahoma law. Furthermore, Defendant intentionally, maliciously and recklessly failed to adhere to the policy language when it failed to disclose the policy and coverage's existence to Plaintiff and then wholly failed to provide Plaintiff any of these benefits to which she is entitled under the policy and Oklahoma law. Accordingly, Plaintiff is entitled to punitive damages against Defendant.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II, OBA #19944
Jack Beesley, OBA #30484
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667 (Phone)
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*